UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KOLA ODUMOSU,

        Plaintiff,

  -against-                                      9:98-CV-0892
                                                                 (LEK/DRH)

WARDEN KELLER; MR. CHAPMAN,
Associate Warden; and MR. STERN,
Associate Warden; All Employees
At Federal Correctional Institute Raybrook,

        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

Plaintiff Kola Odumosu ("Odumosu") filed a motion for reconsideration of this Court's March 1, 2002 Order dismissing this action as a result of Plaintiff's failure to make an appearance at the Final Pretrial Conference. Motion to Reconsider (Dkt. No. 46).

**II.    DISCUSSION**

"[T]here are generally only three circumstances under which a court will agree to reconsider a prior decision. To successfully prevail upon the court to reconsider, the moving party must show the existence of either: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and/or (3) the need to correct a clear error of law or prevent manifest injustice." Wilson v. Consol. Rail Corp., 815 F. Supp. 585, 586 (N.D.N.Y. 1993) (McCurn, C.J.) (citing McLaughlin v. State of New York, 784 F. Supp. 961,

1

965 (N.D.N.Y. 1992) (McCurn, C.J.).

  Plaintiff contends that his absence was a result of not receiving notice of the March 1, 2002 Final Pretrial Conference and points to the fact that a letter from the United States Attorney's Office is postmarked February 27, 2002, only two days before the conference. Motion to Reconsider (Dkt. No. 46) at ¶ 4, Ex. A.  Since Plaintiff does not allege that there has been a change in intervening law nor does he present new evidence, the Court must assume that Plaintiff's motion is based upon his contention that the Court should reconsider its previous decision to correct a clear error or prevent manifest injustice.

  Plaintiff's argument that he lacked notice of the conference is without merit.  A review of the record indicates that a Final Pretrial Conference was scheduled on January 29, 2002 and notice was sent to Plaintiff's listed residence by the Court on that day.  Scheduling Notice (Dkt. No. 41).  The January 29, 2002 Notice stated that attendance at the March 1, 2002 was "mandatory" and that "if a party or representative counsel fails to appear, the action may be dismissed in favor of the opposing party."  Id.  The letter dated February 27, 2002 written by the United States Attorney's Office that Plaintiff states constituted notice merely sought permission of the Court to attend the conference by phone.  Feb. 27, 2002 Request (Dkt. No. 43).

  "It is clear beyond cavil that a district court has the power to dismiss an action for failure to obey an order to appear for a pretrial conference."  White v. City of New York, 1986 U.S. Dist. LEXIS 25049, at *3 (S.D.N.Y. May 27, 1986); see also Lacy v. Yelle, 1998 U.S. Dist. LEXIS 287, at *5 (N.D.N.Y. Jan. 14, 1998) (Scullin, J.).  Rule 16 of the Federal Rules of Civil Procedure provides that "if a party or a party's attorney fails to obey a scheduling or pretrial

2

order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or his own initiative, may make such orders with regard thereto as are just . . ." FED. R. CIV. P. 16(f). Among the sanctions available under Rule 37 is "[a]n order . . . dismissing the action or proceeding or any part thereof." FED. R. CIV. P. 37(b)(2)(c).

Accordingly, the Court finds that there was no clear error of law or manifest injustice in dismissing Plaintiff's action for failure to attend the Final Pretrial Conference, and Plaintiff's motion to reconsider is denied.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Reconsideration is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:   May 12, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

3